UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FOREMOST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-433-CVE-PJC |
| | ) | |
| THE ESTATE OF JOE YORK and | ) | |
| TOMMIE JO PROTROWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant The Estate of Joe York's (the Estate) Motion to Dismiss Complaint and Brief in Support (Dkt. # 11), and Foremost Insurance Company's Motion for Leave to Add Additional Parties (Dkt. # 14). The Estate argues that plaintiff's claims for declaratory relief involve issues that will be decided as part of a separate state court lawsuit, and that the Court should exercise its discretion to dismiss this declaratory judgment action. Plaintiff Foremost Insurance Company (Foremost) responds that the state court lawsuit involves separate issues, and that the plaintiff in the state court lawsuit did not add direct claims against Foremost until this action for declaratory relief was filed.

**I.**

On or about September 7, 2007, Coder Howard allegedly died of an overdose of narcotics obtained or provided to him at the home of Joe York and Tommie Jo Protrowski. Dkt. # 11-1, at 6. There is a dispute as to whether Howard was a short-term social guest or a resident of the home at the time of his death. Howard's mother, Tamara O'Brien, filed a lawsuit in Osage County District Court, Oklahoma, alleging that York and Protrowski were negligent by allowing Howard access to

narcotics, and O'Brien sought compensatory and punitive damages. Dkt. # 2-1, at 2-3. Foremost had issued a homeowner's insurance policy to York, and the policy was in effect at the time of Howard's death. Dkt. # 2, at 2. However, the insurance policy excluded coverage for "bodily injury . . . [s]ustained by any person who regularly resides on your premises . . . ." Dkt. # 2-2, at 28. York died before O'Brien filed her lawsuit, and the Estate was named as a defendant in the state court case.

  On July 12, 2011, Foremost filed this case seeking a declaratory judgment:

  a. That Coder Howard was a resident and residing at the premises insured under the contract of insurance between Foremost and Joe York;

  b. That Foremost has no duty or responsibility to either defend or indemnify the Estate of Joseph York and Tommie Jo Protrowski for any claims being asserted against them by Tamara O'Brien due to the death of Coder Howard.

Dkt. # 2, at 4. On August 22, 2011, O'Brien filed a second amended petition in the state court lawsuit, realleging her negligence claims against York and Protrowski and alleging breach of contract and bad faith claims against Foremost. Dkt. # 11-1. O'Brien alleges that she is a third party beneficiary under the insurance policy issued by Foremost, and that she filed a claim for the payment of medical expenses under the policy. She claims that Foremost denied her claim without legitimate basis to dispute the existence of coverage and that it failed to properly investigate her claim. Id. at 10.

  The Estate filed a motion to dismiss this case on the ground that the issue of insurance coverage will be decided in the state court case or, in the alternative, the Court should abstain from hearing this case under <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). Foremost responds that it has not been served in the state court lawsuit and did not know of O'Brien's claims against it until the Estate filed its motion to dismiss in this case. Dkt. # 13, at

2

2. Foremost also requests leave to file an amended complaint adding O'Brien as a party. Dkt. # 14, at 3-4.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

The Estate argues that this case should be dismissed because the key issue relating to insurance coverage - Howard's alleged status as a resident of York's and Protrowski's home - is being litigated in O'Brien's state court lawsuit. The Estate also argues that the Court should abstain from hearing this case under Colorado River.[1] Foremost responds that this issue will not be litigated in state court because it is not necessary for the state court to decide this issue as to O'Brien's claims against the Estate and Protrowski, and O'Brien does not have a cognizable claim against Foremost.[2]

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." A court is not compelled to hear a declaratory judgment action and the Supreme Court has made "clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law,

---

[1] The Supreme Court has clarified that Colorado River does not apply to declaratory judgment actions, because federal courts have significantly more discretion to refrain from hearing a declaratory judgment action than other types of cases. Wilton v. Seven Falls Co., 515 U.S. 277 (1995); see also Zurich Specialties London Ltd. v. Lawrence, 2007 WL 489229 (N.D. Okla. Feb. 8, 2007). Thus, the Court will not consider the Estate's request for abstention because, if dismissal is not appropriate under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), abstention would not be appropriate under the more exacting standards of Colorado River.

[2] The Court will not decide as part of this case whether O'Brien can state a claim as a matter of Oklahoma insurance law directly against Foremost, and the parties must litigate that issue in state court.

between the same parties." Brillhart, 316 U.S. at 495. The Tenth Circuit has identified five factors that should be considered by a district court when determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). If the Court finds that it should not exercise jurisdiction over this case, it must also consider whether plaintiff's claims should be dismissed without prejudice or stayed until resolution of the state court proceedings. United States v. City of Las Cruces, 289 F.3d 1170 (10th Cir. 2002).

Neither the Estate nor Foremost provides a complete analysis of the Mhoon factors, but the Court must consider these factors when ruling on the Estate's motion to dismiss. The first factor is whether hearing Foremost's claims will resolve the controversy. The Estate argues that a ruling on Foremost's claims for declaratory relief would not resolve O'Brien's claims against the Estate or Protrowski, and this declaratory judgment action will not fully resolve the controversy. However, she acknowledges that this case will resolve the issues of whether Foremost has a duty to defend the Estate in the state court lawsuit and whether O'Brien's claims against the Estate fall within the scope of the insurance policy. Dkt. # 18, at 6. At the time this case was filed, O'Brien had not alleged claims against Foremost and the two issues on which Foremost sought a declaratory judgment were the only relevant issues from Foremost's perspective. However, the order in which cases or claims are filed is not a dispositive factor under the Brillhart analysis. See R.R. Street & Co., Inc. v.

5

Transport Ins. Co., 656 F.3d 966, 976 (10th Cir. 2011). In this case, the state court lawsuit was filed before this declaratory judgment action, but the claims against Foremost in the state court lawsuit were added after Foremost filed this case. However, Foremost states that it has not been served with the amended petition in the state court lawsuit and it is unclear if O'Brien is actually proceeding with her claims against Foremost. Foremost has taken the position that O'Brien does not have viable claims against it, and it does not appear that the state court has determined if O'Brien may proceed with her claims against Foremost. It is clear that a ruling on Foremost's claims for declaratory relief will resolve all issues as to Foremost and the Estate, but this declaratory judgment action may not fully resolve O'Brien's claims against Foremost if it determined that Howard was not a person who regularly resided in York's and Protrowski's home.

The second factor that the Court must consider is whether it would serve a useful purpose to hear Foremost's claims for declaratory relief. The Estate argues that the same insurance coverage issue will be decided in the state court lawsuit, and it would be a waste of the parties' resources to litigate the coverage issue in this Court.[3] However, the Estate has not shown that Foremost has even been served with the amended petition in the state court lawsuit or if O'Brien is proceeding with her

---

[3] The Estate also argues that an Oklahoma court would be prohibited from entering a declaratory judgment "concerning liability or nonliability for damages on account of alleged tortious injuries to persons," and a declaratory judgment determining the existence of insurance coverage would require the Court to make these prohibited findings. See OKLA. STAT. tit. 12, § 1651; Dkt. # 11, at 7. The Estate's argument is meritless and it ignores clearly established Tenth Circuit precedent that § 1651 is not a substantive state statute placing a limitation on the jurisdiction of federal courts to hear insurance coverage disputes. Horace Mann Ins. Co. v. Johnson, 953 F.2d 575 (10th Cir. 1991). In any event, the Estate's interpretation of § 1651 has been rejected by the Oklahoma Court of Civil Appeals, and Oklahoma courts may enter a declaratory judgment concerning liability coverage, even if the court must also make factual findings relevant to the underlying tort lawsuit. Equity Ins. Co. v. Garrett, 178 P.3d 201, 204-05 (Okla. Civ. App. 2008).

claims against Foremost. There would be a clear benefit to Foremost and the Estate if this Court were to determine whether Foremost is obligated to defend the Estate in the state court lawsuit. If Foremost has no duty to defend the Estate from O'Brien's claims, this determination should be made as quickly as possible to prevent Foremost from incurring litigation expenses if O'Brien's claims do not fall within the insurance policy. On the other hand, the Estate has a clear interest in obtaining a defense at the expense of Foremost if O'Brien's claims are covered by the insurance policy. Even though O'Brien is attempting to interject the coverage issue into the state court lawsuit, Foremost and the Estate should not have to wait until the conclusion of the state court lawsuit to determine whether Foremost is obligated to defend the Estate from O'Brien's claims, and it would serve a useful purpose to proceed with this case.

The next factor for the Court to consider is whether the declaratory remedy is being used for the purpose of "procedural fencing." The Estate argues that Foremost is attempting to prevent a state court ruling on insurance coverage, but the procedural history of these cases actually supports an inference that O'Brien's attorney is the one engaging in jurisdictional gamesmanship. O'Brien had not alleged claims against Foremost when this case was filed, and there was nothing out of the ordinary about Foremost's declaratory judgment action. Shortly after Foremost filed this case, O'Brien alleged claims directly against Foremost after her case had been pending in state court for about two years. See Dkt. # 2-1 (O'Brien's amended state court petition filed on October 19, 2009 and Foremost filed this case on July 6, 2011). This supports an inference that O'Brien, not Foremost, was engaging in procedural fencing by interfering with an otherwise appropriate declaratory judgment action filed by Foremost.

7

The fourth factor is whether proceeding with this declaratory judgment action would create unnecessary friction between state and federal courts. Based on the O'Brien's claims against Foremost in the state court lawsuit, there is an overlapping issue in both cases concerning insurance coverage. While a federal court should avoid issuing a declaratory judgment when the same issues are likely to be decided in another proceeding, "jurisdiction should not be refused merely because another remedy is available." ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 454 (10th Cir. 1991). O'Brien has filed claims against Foremost in state court, but it does not appear that she has even served Foremost with the amended pleading asserting those claims and the Estate makes no argument that O'Brien's is actively litigating her claims against Foremost. On the other hand, Foremost filed an appropriate declaratory judgment action to resolve an insurance coverage dispute, and it did so under circumstances that would not have created fiction between state and federal courts. Any inter-jurisdictional friction was caused by O'Brien's decision to add claims against Foremost well after her case had been filed. It is possible that some friction could arise if the parties attempt to litigate the same issue in state and federal court, but this can be minimized due to the limited nature of Foremost's request for a declaratory judgment. The Court finds that friction between state and federal courts does not weigh against the assertion of federal jurisdiction over this case.

The final factor is whether there is an alternative remedy which is better or more effective than the declaratory judgment sought by Foremost. Foremost may have an alternative remedy in state court if O'Brien proceeds with her claims against Foremost, but the status of the state court lawsuit is unclear. The state court lawsuit will not be an effective remedy to determine Foremost's obligation to defend the Estate, as a post-trial ruling on this issue may cause unnecessary expense

8

for Foremost or the Estate. The Court also notes that Foremost filed this case before O'Brien added claims against Foremost in the state court lawsuit, and Foremost had no way to litigate the issue of insurance coverage in the state court lawsuit when this declaratory judgment action was filed. However, the Court will assume that O'Brien intends to litigate her claims against Foremost and that the state court is an alternate forum.

Considering all of the Mhoon factors, the Court will exercise its discretion to retain jurisdiction over this declaratory judgment action. The parties agree that there is a key factual issue that will determine insurance coverage - Howard's status as a resident of York's and Protrowski's home - and this issue was not being litigated in state court when Foremost filed this case. Even though O'Brien has alleged claims against Foremost, it does not appear that she has served Foremost in the state court lawsuit and there is a reasonable basis to infer that O'Brien filed these claims for the purpose of defeating federal jurisdiction over Foremost's declaratory judgment action. Under these circumstances, the Court finds that Foremost properly filed this case seeking a declaratory judgment and a subsequent amendment to the pleadings in the underlying state court lawsuit is not an adequate basis to decline jurisdiction. To the extent that the Estate claims that the same issues will be litigated in state court, the Court finds no reason to decline jurisdiction over a properly filed declaratory judgment action, and the Estate should consider other possible remedies if it wishes to avoid multiple litigation.

Foremost requests leave to add O'Brien as a party and the Estate opposes Foremost's motion. Under Fed. R. Civ. P. 20(a), a plaintiff should be permitted to join parties if "any question of law or fact common to all defendants will arise in the action." Foremost claims that it may file an amended complaint as a matter of course, because it filed a motion to amend within 21 days of the

9

filing of the Estate's motion to dismiss. Dkt. # 14, at 3. A plaintiff may file an amended complaint as a matter of course within 21 days of the filing of a responsive pleading or a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(2). However, Foremost did not file an amended pleading within the 21 day time period but, instead, filed a motion to amend. This is not the procedure for filing an amended pleading as a matter of course provided in Rule 15(a)(1), and the Court will treat plaintiff's motion as a motion to amend under Rule 15(a)(2). The Court has reviewed plaintiff's motion and the Estate's objection, and finds that the motion should be granted. Since the filing of this case, O'Brien has filed an amended pleading in the state court lawsuit adding claims against Foremost, and O'Brien alleges that she was a third-party beneficiary of the Estate's insurance policy. These claims certainly present common issues of law or fact as to insurance coverage, and O'Brien should be joined as a party under Rule 20. The parties are advised that the Court will not address the validity of O'Brien's claims in the state court lawsuit - i.e., whether she has stated a claim - and Foremost is granted leave to add O'Brien as a party only for the purpose of giving O'Brien an opportunity to assert any arguments she may have concerning the relevant legal or factual issues as to insurance coverage.

**IT IS THEREFORE ORDERED** that defendant The Estate of Joe York's Motion to Dismiss Complaint and Brief in Support (Dkt. # 11) is **denied**.

**IT IS FURTHER ORDERED** that Foremost Insurance Company's Motion for Leave to Add Additional Parties (Dkt. # 14) is **granted**, and plaintiff may file an amended complaint adding O'Brien as a party no later than **December 23, 2011**.

**DATED** this 16th day of December, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT