# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FOREMOST INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-CV-0433-CVE-PJC |
| ) | |
| **THE ESTATE OF JOE YORK,** ) | |
| **TOMMIE JO PIOTROWSKI, and** ) | |
| **TAMARA O'BRIEN, as Parent and** ) | |
| **Next Friend of Coder Howard, deceased,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff Foremost Insurance Company's Motion for Rule 11 Sanctions (Dkt. # 79). Plaintiff Foremost Insurance Company asks the Court to sanction attorneys Donald E. Smolen, Mark Miller, and Laura Lauth, counsel of record for defendant Tamara O'Brien, under Fed. R. Civ. P. 11. O'Brien's attorneys respond that plaintiff did not comply with the safe harbor provision of Rule 11 and, even if the motion for sanctions is properly before the Court, they did not violate Rule 11 by submitting O'Brien's affidavit with her response to plaintiff's motion for summary judgment.

Plaintiff filed this case seeking a declaratory judgment that it had no obligation to defend or indemnify the Estate of Joe York or Tommie Jo Piotrowski against tort claims filed by O'Brien in a state court lawsuit. Plaintiff moved for summary judgment, and the motion was denied. However, that Court noted that the factual statements in O'Brien's affidavit (Dkt. # 35-1) were the sole basis for the denial of plaintiff's motion and, given the existence of significant evidence contradicting her statements, O'Brien's attorneys were reminded "of their obligations under [Rule] 11. If plaintiff is

required to incur the expense of a trial and O'Brien's counsel has not conducted a reasonable investigation to verify O'Brien's statements, this could be an appropriate case for sanctions." Dkt. # 42, at 9 n.4. The case went to trial, and the jury found in favor of plaintiff. The presentation of arguments and evidence took approximately three and a half hours. Counsel for O'Brien appears to have heeded the Court's advice and O'Brien was not called as a witness at trial. Dkt. # 73. Plaintiff now moves for sanctions under Rule 11. Plaintiff argues that O'Brien's attorneys submitted their client's affidavit without conducting a reasonable investigation to determine whether there was any evidentiary support for her statements, and they required plaintiff to undergo the time and expense of a jury trial without having a reasonable basis to contest plaintiff's claim for declaratory relief.

Plaintiff did not serve the motion for sanctions on O'Brien's attorneys before filing the motion. Under Rule 11(c)(2), a party seeking sanctions must serve the motion on the opposing party at least 21 days before filing the motion with the Court, and this is known as the "safe harbor" provision. Compliance with the safe harbor provision is strictly enforced, and a motion for sanctions must be denied if the motion was not served on the opposing party as required by Rule 11(c)(2). AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528-29 (10th Cir. 1997). The Tenth Circuit has held that a Rule 11 motion may not be filed after the entry of a final order or judgment, because this would deprive the offending party of the protection provided by the safe harbor provision. Roth v. Green, 466 F.3d 1179, 1193 (10th Cir. 2006). In this case, plaintiff did not serve its motion for sanctions on O'Brien's attorneys at least 21 days before the motion was filed and, even if it had, the motion was filed after the entry of judgment. Thus, plaintiff's motion for sanctions should be denied. The Court is prohibited from imposing monetary sanctions on its own initiative without pre-judgment

notice to the offending party, and the Court lacks the power to impose monetary sanctions against O'Brien's attorneys.[1]  Fed. R. Civ. P. 11(c)(5)(B).  However, O'Brien's attorneys were advised before trial that there was a strong appearance that O'Brien's affidavit contained false statements, and, even though they chose not to call O'Brien as a witness at trial, they should more closely monitor the contents of the affidavits presented on behalf of their clients.

**IT IS THEREFORE ORDERED** that Plaintiff Foremost Insurance Company's Motion for Rule 11 Sanctions (Dkt. # 79) is **denied**.

**DATED** this 10th day of December, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1]  Although the Court suggested that sanctions could be appropriate, the Court did not issue a show-cause order before entry of judgment as required for the imposition of monetary sanctions on the Court's own initiative.  Fed. R. Civ. P. 11(c)(5)(B).